**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARCELIA G. GONZALEZ, | CASE NO. 5:12-CV-03842-EJD |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants. | [Re: Docket Item No. 14, 17] |

Presently before the court is Plaintiff Arcelia G. Gonzalez's ex parte application for a temporary restraining order. For the reasons set forth below, the application is granted.

Gonzalez filed this action in the Superior Court for the County of Santa Clara on July 13, 2012. Case No. 112cv228341. Concurrently with the filing of her complaint, Gonzalez moved ex parte for a temporary restraining order (TRO) enjoining the Defendants from foreclosing or selling her home. The Superior Court granted Gonzalez's TRO application and set a preliminary injunction hearing for July 27; the TRO would have expired the same day. On July 23, before the PI hearing could take place, Wells Fargo removed the case to this court on the basis of diversity jurisdiction.

Gonzalez now moves this court for an "automatic extension" of the Superior Court's restraining order "without examining the merits" of the earlier order. Plaintiff is not entitled to an "automatic" extension. Title 28, Section 1450 of the United States Code provides that "[a]ll injunctions, orders, and other proceedings had in [an] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." But Section 1450 "does not create

1
CASE NO. 5:12-CV-03842-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

a special breed of temporary restraining orders that survive beyond the life span imposed by the state law from which they spring and beyond the life that the district court could have granted them had the orders initiated from the federal court." Benas v. Shea Mortg., Inc., 2012 WL 528244 at *5 n.2 (S.D. Cal. Feb. 16, 2012) (quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70, 415 U.S. 423, 426 (1974)). Pursuant to Cal. Civ. Proc. Code § 527(d)(1), the Superior Court's TRO could have lasted no longer than 15 days, or up to 22 days on a showing of good cause. Thus, the latest possible expiration date of the Superior Court's TRO (imported into federal court by Section 1450) was yesterday, August 6.[1] There is no basis for an order extending the Superior Court's order as a matter of course.

       The thrust of Gonzalez's request is that this Court should exercise the discretion afforded by Fed. R. Civ. P. 65(b)(2) to extend the state court injunction. Rule 65(b)(2) provides that a temporary restraining order issued without notice must expire within 14 days "unless before that time the court, for good cause, extends it for a like period . . . ." She cites American Systems Consulting, Inc. v. Devier, 514 F. Supp. 2d 1001 (2007), for the proposition that a defendant's removal before a state court PI hearing constitutes good cause. That court observed, "It would be inequitable for Plaintiff to lose a lawfully obtained injunction issued by the state court simply based on the circumstances of scheduling issues. The injunction should continue or not based on its merits, not as a result of strategy." Id. at 1009–10. On similar facts, Xtria, LLC v. Int'l Ins. Alliance, Inc., 2009 WL 4756365 (N.D. Tex. Dec. 11, 2009), went one step further by deferring to the state court's determination of the merits of the TRO and holding that only the only issue before the court was deciding whether there was good cause for an extension.

       Gonzalez asks this court to follow American Systems Consulting and Xtria and extend the injunction based solely upon the scheduling issues presented by removal. Her invitation must be

---

[1] July 13 + 22 days = August 4 (a Saturday), so the expiration date is extended to the end of August 6, the next day that is not a Saturday, Sunday, or legal holiday. Cal. Civ. Proc. Code § 12, 12a(a); accord Fed. R. Civ. P. 6(a)(1). This calculation determines "the life span imposed by the state law from which [the order] spring[s]." Granny Goose Foods, 415 U.S. at 426. Coincidentally, the "life that the district court could have granted [the order] had the order[] initiated from the federal court" is the same: the date of removal, July 23, plus 14 days, also lands on August 6. See id. at 439–40; Fed. R. Civ. P. 65(b)(2).

United States District Court
For the Northern District of California

declined. Upon removal, federal procedural law applies. Granny Goose Foods, 415 U.S. at 437. A federal court's determination of whether "good cause" exists to extend a TRO must therefore be made in view of the federal law governing injunctions. If an order issued by a state court would not be supportable under federal law, a federal court cannot affirmatively extend it; to do so would give the order the extra "life" prohibited by the Supreme Court in Granny Goose Foods. It should be noted that this rule is consistent with the holding of American Systems Consulting, cited above. After noting the scheduling inequities, the court in that case went on to make findings of the usual factors which bear on a district court's determination of whether to enter an injunction. This court will do likewise.

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell II, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

The court has carefully reviewed the record in this case and is compelled to the conclusion that Gonzalez has not sufficiently shown that she is likely to succeed on the merits, nor that the issues in the case are so complex as to warrant the further deliberation anticipated by Alliance for the Wild Rockies II. The court finds at this stage that Gonzalez's claims are not likely to succeed on their merits nor even withstand a motion to dismiss; in particular, it appears that the Second and

1 Third Causes of Action will fail for lack of any duty of care; that the First, Fourth, Fifth, and
2 Seventh Causes of Action fail to state a claim; and that the Sixth Cause of Action fails to state a
3 claim with the specificity required by Fed. R. Civ. P. 9(b).[2]

4        Accordingly, Plaintiff's Ex Parte Application for a Temporary Restraining Order is
5 DENIED.

6 **IT IS SO ORDERED.**

7 Dated: August 7, 2012



8 EDWARD J. DAVILA
United States District Judge

---

27 [2] The Court is not hereby ruling on the viability of the causes of action, but merely providing its assessment of the probability of success of these claims as required in deciding whether to issue a
28 temporary restraining order. A full order on the Defendants' noticed motion to dismiss the complaint (ECF No. 9) will address these issues after they have been fully briefed.