IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARCELIA G. GONZALEZ, | CASE NO. 5:12-cv-03842 EJD |
| Plaintiff(s), | **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |
| v. | |
| WELLS FARGO BANK, et. al., | |
| Defendant(s). | [Docket Item No(s). 19] |

## I.  INTRODUCTION

Within this action related to the foreclosure of real property, Plaintiff Arcelia G. Gonzalez ("Plaintiff") presently moves the court for a temporary restraining order ("TRO") enjoining Defendants Wells Fargo Bank, N.A., LSI Title Company, and NDEX West LLC ("Defendants") from selling property located in San Jose, California, at a planned trustee's sale on August 21, 2012. See Docket Item No. 19.  Foreclosure proceedings commenced after Plaintiff defaulted on a deed of trust secured by the property.

Notably, this is Plaintiff's second request for a TRO this month, the first request having been denied on August 7, 2012.  See Docket Item No. 18.  Having reviewed the current motion in its entirety, the court has determined that it fares no better than its predecessor.  The TRO application will therefore be denied, as will the request for an Order to Show Cause for Preliminary Injunction.

## II.  LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).  But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

## III.  DISCUSSION

This discussion must begin with reference to the order addressing Plaintiff's prior TRO request.  There, the court notably found based on the claims contained in the First Amended Complaint ("FAC") that Plaintiff failed to demonstrate a likelihood of success on the merits or raise the type of serious questions warranting injunctive relief.  "The court finds at this stage that Gonzalez's claims are not likely to succeed on their merits nor even withstand a motion to dismiss; in particular, it appears that the Second and Third Causes of Action will fail for lack of any duty of care; that the First, Fourth, Fifth, and Seventh Causes of Action fail to state a claim; and that the

1 Sixth Cause of Action fails to state a claim with the specificity required by Fed. R. Civ. P. 9(b)."
2 <u>See</u> Order, Docket Item No. 18, at 3:27-4:3.

3 Having been denied relief under the FAC, Plaintiff now moves for a TRO based on a proposed Second Amended Complaint ("SAC") which Plaintiff requests leave to file. Absent a stipulation from Defendants allow for the amended pleading, Federal Rule of Civil Procedure 15 requires that Plaintiff obtain the permission of this court in order to file the SAC. Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Thus, this matter is actually a motion for leave to amend within a TRO application, the latter being entirely dependant on the outcome of the former. If the court grants the motion to amend, the court can then proceed to examine the propriety of the TRO under the allegations in the SAC. If the motion to amend is denied, the TRO request must also be denied because the court already found the FAC insufficient to support injunctive relief.

Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, other than requesting leave to file the SAC, Plaintiff did not provide any meaningful

United States District Court
For the Northern District of California

1  argument pertaining to amendment under Rule 15.  But on what has actually been presented, the
2  court finds that allowing Plaintiff to file the SAC at this point in the action implicates all four
3  reasons upon which a request for leave to amend can be denied.

4  Allowing Plaintiff leave to file the SAC would cause undue prejudice to Defendants for very
5  obvious reasons.  Defendants filed a motion to dismiss the FAC on July 30, 2012 (see Docket Item
6  No. 9) which Plaintiff failed to timely oppose.  Indeed, Plaintiff still has not filed a response to the
7  motion to dismiss.  Allowing Plaintiff to amend at this point would render Defendants' motion moot
8  and require them to spend time and expense in responding to the SAC.  That is inequitable under the
9  circumstances.  Moreover, the fact that Plaintiff seeks leave to amend after completely failing to
10 oppose a motion to dismiss raises a specter of bad faith on her part.

11 It also appears that Plaintiff's proposed amendments are futile.  Through the SAC, Plaintiff
12 intends to transform this case into one seeking to enforce a settlement agreement in another case,
13 namely In re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices
14 Litigation, Case No. 5:09-md-02015 JF (the "Pick-a-Payment Litigation").  But an entirely separate
15 and independent civil action like this one is not the proper process by which a settlement agreement
16 from another action is enforced.  Moreover, it appears the court assigned to the Pick-a-Payment
17 Litigation retained continuing jurisdiction to enforce and interpret the settlement agreement in that
18 case.  See SAC, Docket Item No. 19, at Ex.1.  Thus, Plaintiff may raise any claims of
19 noncompliance within the Pick-a-Payment Litigation, where such claims are appropriately
20 addressed.

21 Finally, the SAC would create undue delay.  As already noted, Defendants have moved to
22 dismiss the FAC and Plaintiff failed to oppose that motion.  A new pleading which essentially turns
23 this action into something new along with another round of dismissal motions would extend the life
24 of this case beyond appropriate limit.  That may be Plaintiff's strategy, but the court will not be
25 complicit.

26 Since all of the relevant factors weight against amendment, Plaintiff's request for leave to
27 file the SAC will be denied.  Since that decision leave in place the FAC without change, there are no
28

4
CASE NO. 5:12-cv-03842 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE FOR PRELIMINARY INJUNCTION

new allegations to address under the applicable TRO standard. Accordingly, the application for TRO must also be declined.

### IV.   ORDER

Plaintiff's ex parte application for a TRO and Order to Show Cause for Preliminary Injunction is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2012



EDWARD J. DAVILA
United States District Judge

---

5
CASE NO. 5:12-cv-03842 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION