United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARCELIA G. GONZALEZ,

                                                                CASE NO. 5:12-cv-03842 EJD

                    Plaintiff(s),

                                                                **ORDER DENYING PLAINTIFF'S
                                                                REQUEST FOR LEAVE TO DISMISS
                                                                ACTION WITHOUT PREJUDICE;
                                                                GRANTING DEFENDANT'S MOTION TO
                                                                DISMISS**

       v.

WELLS FARGO BANK, et. al.,

                                                                [Docket Item No(s). 9, 26]

                    Defendant(s).

_____/

## I.    INTRODUCTION

On or about April 3, 2008, Plaintiff Arcelia G. Gonzalez ("Plaintiff") obtained a thirty-year

fixed mortgage from Wachovia Mortgage, FSB ("Wachovia") in the total amount of $380,000.00 in

order to purchase real property located in San Jose, California.  See First Amended Compl. ("FAC"),

Docket Item No. 1, at ¶ 1; see also Req. for Judicial Notice in Support of Mot. to Dismiss ("RJN

(MTD)"), Docket Item No. 10, at Ex. A.[1]  Plaintiff stopped making mortgage payments in or around

June, 2009, and in May, 2010, Defendant Wells Fargo Bank, N.A. ("Defendant") commenced

foreclosure proceedings.  See FAC, at ¶¶ 15, 18, 21; see also RJN (MTD), at Exs. F-H.  During this

_____

[1] The RJN (MTD) as well as the Request for Judicial Notice in Opposition to Request for
Leave to Dismiss ("RJN (LTD)"), Docket Item No. 29, are GRANTED to the extent referenced in
this order.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010
U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No.
CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May
12, 2010).

time, however, Plaintiff made numerous attempts to obtain a loan modification and alleges Wachovia induced her default in order to improve the possibility of obtaining a modification.  <u>See</u> FAC, at ¶¶ 15-17.

On July 16, 2012, Plaintiff commenced the instant action against Defendant, LSI Title Company, and NDEX West, LLC in Santa Clara County Superior Court.  After this action was removed to this court on July 23, 2012, Plaintiff made two unsuccessful requests for temporary restraining orders.  <u>See</u> Docket Item Nos. 18, 23.   Defendant now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> Docket Item No. 9.  For her part, Plaintiff requests leave to dismiss this action without prejudice.  <u>See</u> Docket Item No. 26.

Federal jurisdiction arises pursuant 28 U.S.C. § 1332.  Having carefully reviewed these matters, the court finds them suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for November 2, 2012, will be vacated and, for the reasons stated below, Plaintiff's request will be denied while Defendant's motion will be granted.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  <u>Twombly</u>, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual allegations."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  The court must also construe the alleged

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered."  Twombly, 550 U.S. at 555.  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

## III.    DISCUSSION

### A.    Request for Leave to Dismiss without Prejudice

Before discussing the issues which arise under the Motion to Dismiss, the court must first address Plaintiff's request for leave to dismiss this action without prejudice.  Since Plaintiff has already dismissed a prior federal lawsuit including the same claims contained in the FAC, she cannot voluntarily dismiss this action without prejudice.[2]  See Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").

Plaintiff has not convinced the court that dismissal without prejudice is appropriate under these circumstances.  The court has already informed Plaintiff that the causes of action asserted in this case are distinguishable from those that could be raised to enforce the settlement agreement in In re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation, Case No. 5:09-md-02015 JF.  See Order, Docket Item No. 23 ("Plaintiff may raise any claims of noncompliance within the Pick-a-Payment Litigation, where such claims are appropriately addressed.").  As such, dismissal of this action without prejudice is not necessary for Plaintiff to raise any claims in the class action.

In addition, the court does not accept that the *third case* she has now filed against Defendant in state court on these same causes of action necessitates dismissing this action without prejudice.

---

[2] The prior lawsuit, case number 5:12-cv-03289 EJD, was originally filed in Santa Clara County Superior Court on May 23, 2012, was removed to this court on June 26, 2012, and was voluntarily dismissed by Plaintiff on July 13, 2012, before the court could decide Wachovia's then-pending motion to dismiss.

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   See RJN (LTD), at Ex. A.  If Plaintiff truly believes, as she now contends, that the foreclosure

2   process was illegal, she would have maintained the first action she filed, or even more actively

3   prosecuted this second action.  She has done neither, which at the very least suggests Plaintiff is

4   using multiple lawsuits as a leverage tactic rather than as a method of vindicating valid claims.

5          Accordingly, Plaintiff's request for leave to dismiss this action without prejudice will be

6   denied.  The court will therefore proceed to the merits of the Motion to Dismiss.

7          **B.        The Motion to Dismiss**

8          The FAC contains seven causes of action: (1) violation of California Civil Code § 2924 *et.*

9   *seq.*, (2) negligent misrepresentation, (3) negligence, (4) breach of contract and breach of the

10  covenant of good faith and fair dealing, (5) promissory estoppel, (6) fraud in violation of California

11  Civil Code § 3294, and (7) violation of this state's Unfair Competition Law ("UCL"), California

12  Business and Professions Code § 17200.  Defendant primarily argues that each of these causes of

13  action are preempted by the Home Owners' Loan Act ("HOLA").  This court agrees.[3]

14         **1.        HOLA Preemption**

15         The court begins with a discussion of preemption generally.  Federal preemption of state

16  laws stems from the Supremacy Clause of the Constitution.  Barrientos v. 1801-1825 Morton, LLC,

17  583 F.3d 1197, 1208 (9th Cir. 2009).  "[T]he laws of the United States . . . shall be the supreme law

18  of the land . . . any Thing in the Constitution or laws of any state to the contrary notwithstanding."

19  U.S. Const. art. VI, cl. 2.

20         Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police

21  powers of the States were not to be superseded by the Federal Act unless that was the clear and

22  _____

23         [3] Plaintiff obtained the subject home loan from Wachovia on April 3, 2008.  See FAC, at ¶ 7;
    RJN (MTD), at Ex. A.  It is undisputed that Wachovia was an independent federal savings bank at

24  that time. See RJN (MTD), at Exs. A, B.  Although Wachovia was subsequently acquired by a
    national banking association, namely Wells Fargo Bank, N.A., district courts have held that HOLA

25  preemption nonetheless applies to all conduct relating to the loan.  DeLeon v. Wells Fargo Bank,
    N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); Haggarty v. Wells Fargo Bank, N.A., No. C

26  10-02416 CRB, 2011 U.S. Dist. LEXIS 9962, at *10-11,  2011 WL 445183 (N.D. Cal. Feb. 2,
    2011); Guerrero v. Wells Fargo Bank, N.A., No. CV 10-5095-VBF(AJWx), 2010 U.S. Dist. LEXIS

27  96261, at *8-9, 2010 WL 8971769 (C.D. Cal. Sep. 14, 2010); Zlotnik v. U.S. Bancorp, No. C
    09-3855 PJH, 2009 U.S. Dist. LEXIS 119857, at *17-19, 2009 WL 5178030 (N.D. Cal. Dec. 22,

28  2009).

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

1    manifest purpose of Congress.'" <u>City of Columbus v. Ours Garage & Wrecking Service, Inc.</u>, 536

2    U.S. 424, 438 (2002) (quoting <u>Medtronic, Inc. v. Lohr</u>, 518 U.S. 470, 485 (1996)).  Congressional

3    intent is therefore the "ultimate touchstone" of preemption inquiry.  <u>Medtronic</u>, 518 U.S. at 485.

4    Such intent may be "explicitly stated in the statute's language or implicitly contained in its structure

5    and purpose." <u>Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta</u>, 458 U.S. 141, 152-53 (1982).

6    State law may also be preempted by federal regulations. <u>Id.</u> at 153.  "Where Congress has directed

7    an administrator to exercise his discretion, his judgments are subject to  judicial review only to

8    determine whether he has exceeded his statutory authority or acted arbitrarily." <u>Id.</u>  If these

9    conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or

10   local law that conflicts with such regulations or frustrates the purposes thereof." <u>New York v. Fed.</u>

11   <u>Commc'ns Comm'n</u>, 486 U.S. 57, 64 (1988).

12       There are times when the traditional presumption against preemption does not apply.  Indeed,

13   the presumption is "not triggered when the State regulates in an area where there has been a history

14   of significant federal presence." <u>United States v. Locke</u>, 529 U.S. 89, 108 (2000).  As relevant here,

15   "Congress has legislated in the field of banking from the days of <u>McCulloch v. Maryland</u>, 17 U.S.

16   316, 325-26, 426-27, 4 L. Ed. 579 (1819), creating an extensive federal statutory and regulatory

17   scheme." <u>Bank of America v. City & County of San Francisco</u>, 309 F.3d 551, 558 (9th Cir. 2002).

18   HOLA was enacted "to charter savings associations under federal law, at a time when record

19   numbers of home loans were in default and a staggering number of state-chartered savings

20   associations were insolvent." <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1004 (9th Cir. 2008).

21   One of HOLA's central purposes was to restore public confidence in the banking system by

22   consolidating the regulation of savings and loan associations with the federal government.  Id.  To

23   achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to promulgate

24   regulations governing federal savings associations.  12 U.S.C. § 1464; <u>Silvas</u>, 514 F.3d at 1005.

25   OTS occupies the entire field in that regard.  12 C.F.R. § 560.2(a) (2011).

26       HOLA's implementing regulations set forth a list, "without limitation," of the categories of

27   state laws that are expressly preempted:

28

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court

For the Northern District of California

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> ....
>
> Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>
> ....
>
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> ....
>
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages. . . .

12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

Although HOLA and its related regulations have been described as "so pervasive as to leave no room for state regulatory control," state laws may nonetheless survive a preemption claim in limited circumstances. Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd, 445 U.S. 921. Those state laws which "only *incidentally* affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of" the regulations may not be preempted. 12 C.F.R. § 560.2(c) (emphasis added). In order to determine whether a particular state law has such an effect, the Ninth Circuit has provided the following process:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

### 2.    Application

Applying the preemption analysis here, it is apparent that the causes of action asserted in the FAC are precluded by HOLA.  Plaintiff alleges in the first cause of action that Wachovia violated portions of California Civil Code § 2924 *et. seq.* when it induced Plaintiff's default in order to qualify her for a loan modification but then ultimately used this default to initiate foreclosure proceedings.  This direct claim under § 2924 clearly implicates the "terms of credit" and the "processing, origination, [and] servicing" provisions of § 560(b) because Plaintiff's theory of liability would impose an affirmative duty on Wachovia to provide a modification review and postpone all foreclosure proceedings while doing so.  "There is no right . . . to a loan modification." Mabry v. Super. Ct., 185 Cal. App. 4th 208, 231 (2010).  Moreover, "[n]umerous courts within this district have also concluded that claims arising under California Civil Code section 2924 are preempted by HOLA."  Sami v. Wells Fargo Bank, No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, at *21-22, 2012 WL 967051 (N.D. Cal. Mar. 21, 2012) (collecting cases).[4]  This court concurs that Plaintiff's cause of action is preempted by HOLA because, as plead, it seeks to Defendant's lending activity.

Plaintiff's remaining causes of action are also preempted by the "terms of credit" and the "processing, origination, [and] servicing" provisions of § 560(b) for much the same reason as the

---

[4] Relying on three orders from this court's contemporaries, Plaintiff cites to an "emerging trend" amongst judges of this district with regard to HOLA preemption, ostensibly in opposition to this motion.  See Osorio v. Wells Fargo Bank, No. C 12-02645 RS, 2012 U.S. Dist. LEXIS 72719, 2012 WL 1909335 (N.D. Cal. May 24, 2012) (Seeborg, J.); Ortiz v. Wells Fargo Bank, N.A., No. C 10-4812 RS, 2011 U.S. Dist. LEXIS 58243, 2011 WL 4952979 (N.D. Cal. May 27, 2011) (Seeborg, J.); Tamburri v. Suntrust Mortg., No. C-11-2899 EMC, 2011 U.S. Dist. LEXIS 72202, 2011 WL 2654093 (N.D. Cal. July 6, 2011) (Chen, J.).  Specifically, Plaintiff suggests these decisions evidence a judicial movement away from applying HOLA preemption to causes of action alleging violation of California's non-judicial foreclosure laws.

Having reviewed the cited cases, however, the court finds this argument unpersuasive.  Two of these cases, Osorio and Tamburri, address applications for temporary restraining orders under the distinct standard associated with that type of relief and are inapposite to this case.  The one order involving a motion to dismiss - Ortiz - is actually consistent with finding Plaintiff's particular allegations subject to preemption.  Ortiz, 2011 U.S. Dist. LEXIS 58243, at *14-15 (determining that allegations of fraud in connection with the availability of a loan modification are preempted by HOLA).  Moreover, it must be noted that a total of three orders, two of which were issued by the same district judge, hardly constitute a "trend" that can be attributed to this entire district.

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1    cause of action under § 2924 because Plaintiff relies on the same default inducement theory for each

2    of them.  Thus, all causes of action in the FAC are subject to dismissal as preempted.

3          In addition, these causes of action are insufficient for other various reasons.  For the causes

4    of action asserting negligent misrepresentation and fraud, Plaintiff has not provided facts sufficient

5    to meet the heightened pleading standard which applies.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud

6    or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

7    The allegations must be "specific enough to give defendants notice of the particular misconduct

8    which is alleged to constitute the fraud charged so that they can defend against the charge and not

9    just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.

10   1985).  To that end, there must be "an account of the time, place, and specific content of the false

11   representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG

12   LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153,

13   1164 (E.D. Cal. 2009).  In other words, these causes of action must generally contain more specific

14   facts than is necessary to support other causes of action.

15         Here, Plaintiff alleges at one point in the FAC that "[s]he was told by Mr. Avendano [her

16   broker] that Wachovia specifically directed her to 'skip 2 payments' before they would send her a

17   loan modification application." See FAC, at ¶ 14.  But then later, Plaintiff alleges a much more

18   detailed misrepresentation: "Defendant Wachovia's false representation that if Plaintiff skipped

19   payments, applied for a loan modification, continued to submit to Wachovia's instructions, Plaintiff

20   would receive a reasonable loan modification review constituted false statements and/or

21   concealment of material facts in that Defendant Wachovia knew that is was never going to grant

22   Plaintiff's loan modification." Id. at ¶ 39.  The problem with these allegations is that the former

23   allegation does not support the latter allegation.  While Plaintiff identifies who made the

24   representation about skipping payments in order to receive a modification *application*, there is no

25   account of who made the representation that Plaintiff would actually receive a modification *review*

26   or when such representation was made.  As such, this cause of action is not sufficient under Rule 9.

27         Furthermore, Plaintiff did not state a claim for negligent misrepresentation, fraud or

28

8

United States District Court

For the Northern District of California

1   promissory estoppel under her theory of liability because she has not sufficiently plead either an

2   actionable misrepresentation or a clear promise.  In California, the elements of fraud are: (1)

3   misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable

4   reliance; and (5) resulting damage.  Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974

5   (1997).  Much like fraud, "[n]egligent misrepresentation is a form of deceit, the elements of which

6   are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for

7   believing it to be true, (3) with intent to induce the plaintiff's reliance, (4) ignorance of the truth and

8   justifiable reliance by the plaintiff, and (5) damages."  Garcia v. Ocwen Loan Servicing, LLC, No.

9   10-0290, 2010 U.S. Dist. LEXIS 45375, at *5, 2010 WL 1881098 (N.D. Cal. May 10, 2010) (citing

10  Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986)).  Promissory estoppel requires: "(1) a promise

11  that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made;

12  (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be

13  injured by his or her reliance."  Boon Rawd Trading Int'l Co., Ltd. v . Paleewong Trading Co., Inc.,

14  688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).  As already noted, the FAC does not state the promise

15  allegedly made by Wachovia in a manner that could possibly be described as "clear and ambiguous"

16  since the allegations are neither detailed nor consistent.  Moreover, whether Plaintiff was promised a

17  modification application or modification review if she missed payments, the allegations in the FAC

18  reveal that Plaintiff received both.  See FAC, at ¶ 16 ("From approximately July 2009 through

19  August 2011, Mr. Avendano submitted no less than 5 loan modification applications.  Plaintiff

20  received one communication from Wachovia stating that she had too man financial

21  responsibilities."); ¶ 17 ("Plaintiff got three letters all dated December 14, 2011 from Wachovia

22  Mortgage stating that her Mortgage Assistance Plan and Home Affordable Modification Program

23  ("HAMP") was denied.").  Thus, in the absence of any facts demonstrating that Wachovia promised

24  to offer her a loan modification or actually modify her loan, Plaintiff did not allege the element

25  central to both causes of action.

26      The third cause of action for negligence fails because Wachovia did not owe Plaintiff a duty

27  of care in connection with a loan modification.  In order to sufficiently state a claim for negligence,

28

9

United States District Court

For the Northern District of California

a plaintiff must demonstrate: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury.  Sohal v. Fed. Home Loan Mortg. Corp., No. 11-01941, 2011 U.S. Dist. LEXIS 97355, at *24, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011); Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917-18 (1996).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991); see also Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994).  A loan modification, which is nothing more than a renegotiation of loan terms, falls well within an institution's conventional money-lending role.  See Settle v. World Sav. Bank, F.S.B., No. ED CV 11-00800 MMM, 2012 U.S. Dist. LEXIS 4215, at *24, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity."); see also Johnston v. Ally Fin. Inc., No. 11-CV-0998-H BLM, 2011 U.S. Dist. LEXIS 83298, at *10, 2011 WL 3241850 (S.D. Cal. July 29, 2011) ("In addition, loan modification is an activity that is intimately tied to Defendant's lending role." (internal quotations omitted)).

Within the fourth cause of action for breach of contract, Plaintiff did not identify the contract at issue.  Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).  Here, it is unclear what contract Wachovia allegedly breached, whether the contract was written or oral, or what the terms of the contract required Wachovia to do.  To the extent this cause of action is based on a purported agreement to complete a loan modification, no such contract is alleged in the FAC.[5]

The final cause of action for violation of the UCL relies on the preceding violations to support liability.  Since each of those causes of action fail to state a claim, the UCL cause of action

---

[5] Any cause of action based on the implied covenant of good faith and fair dealing also fails since there must exist some contract between the parties in order for it to arise.  See Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349-50 (2000).

10

1    fails as well.

2           Based on the foregoing, all of the causes of action in the FAC will be dismissed.  Since the

3    issue of preemption cannot be cured by amendment, this dismissal will be without leave to amend

4    for futility.  Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to

5    amend may be denied if it appears to be futile or legally insufficient.").

6                                         III.    ORDER

7           As indicated, Plaintiff's request for leave to dismiss this action without prejudice (Docket

8    Item No. 26) is DENIED.  Defendant's Motion to Dismiss (Docket Item No. 9) is GRANTED.  All

9    causes of action contained in the FAC are DISMISSED WITHOUT LEAVE TO AMEND.

10          Since this order effectively resolves this action, judgment will be entered in favor of

11   Defendant and the clerk shall thereafter close this file.

12          The hearing and Case Management Conference scheduled for November 2, 2012, are

13   VACATED.

14   **IT IS SO ORDERED.**

15

16   Dated:  October 29, 2012

17                                                      EDWARD J. DAVILA
                                                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:12-cv-03842 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO DISMISS ACTION WITHOUT PREJUDICE;
GRANTING DEFENDANT'S MOTION TO DISMISS

*United States District Court*
For the Northern District of California